```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JOSEPH NAVAN,                           :
                    Plaintiff,          :
                                        :    11 Civ. 6732 (DLC)
          -v-                           :
                                        :    OPINION & ORDER
MICHAEL J. ASTRUE,                      :
                    Defendant.          :
                                        :
----------------------------------------X
```

Appearances:

For plaintiff:
Max D. Leifer
Law Offices of Max D. Leifer, P.C.,
628 Broadway, Ste. 300
New York, NY 10012

For defendant:
John E. Gura, Jr
U.S. Attorney's Office, SDNY
86 Chambers Street
New York, NY 10007

DENISE COTE, District Judge:

Plaintiff Joseph Navan ("Navan") filed the complaint in this action on September 26, 2011. The defendant, Commissioner of Social Security (the "Commissioner"), filed a motion for summary judgment, or in the alternative, a motion to dismiss on November 28, 2011. The plaintiff did not oppose the motion. For the following reasons, the motion is granted.

BACKGROUND

The following facts are taken from the complaint and from the record of proceedings before the Social Security Administration ("SSA"). On November 20, 2002, Navan filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "2002 Application"), claiming that he became disabled as of November 9, 1994 and seeking DIB from that date through December 31, 1999. Following an administrative hearing, an Administrative Law Judge ("ALJ") issued a decision denying Navan's application on October 3, 2005.

After exhausting his administrative remedies, Navan filed a civil action in federal district court seeking judicial review of the 2002 Application. On June 20, 2007, the District Court issued an Opinion and Order upholding the Commissioner's decision and dismissing the complaint; the Court of Appeals for the Second Circuit upheld the decision of the District Court on December 16, 2008.

On July 17, 2009, Navan protectively filed another application for DIB (the "2009 Application"). Like the 2002 Application, the 2009 Application claims that Navan became disabled as of November 9, 1994 and seeks DIB from that date

through December 31, 1999.  Navan alleges that this application is "based upon new information and new medical information."

On August 3, 2009, the SSA issued an initial administrative denial of the 2009 Application on grounds that the "application concerns the same issues which were decided when an earlier claim was denied."  On September 3, 2009, plaintiff sought reconsideration of this initial denial of the 2009 Application and a reopening of the 2002 Application on the basis of new and material evidence.  On November 10, 2009, the SSA denied the request for a reopening of the 2002 Application because "[a] request for reopening based on new and material evidence must be received within four years of the initial decision."  According to the notice, the initial denial of plaintiff's 2002 Application occurred on May 21, 2003, more than four years prior to the September 3, 2009 request for a reopening.  An application may be reopened more than four years after the date of the SSA's initial decision only if the decision was "obtained by fraud or similar fault."  20 C.F.R. § 404.988.  On November 28, 2009 the SSA denied the request for reconsideration of its initial administrative denial of the 2009 Application.

Plaintiff requested a hearing before an ALJ on December 11, 2009.  On August 12, 2010, an ALJ dismissed this request based on res judicata, finding that the 2009 Application involved "the

same facts and same issues" as the 2002 Application and that there were no grounds for reopening the 2002 Application. According to the plaintiff, the ALJ issued this dismissal without allowing the plaintiff "to submit additional evidence and present his case as to why this request for a hearing was different than [sic] the prior denial."  The Appeals Council affirmed the hearing denial on July 27, 2011.

Plaintiff filed the present action on September 26, 2011. The defendant filed a motion for summary judgment pursuant to Rule 56(c), Fed. R. Civ. P, or in the alternative a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. (the "Defendant's Motion") on November 28.  By Order of December 5, 2011, plaintiff was directed to file any opposition to the Defendant's Motion by December 23.  The plaintiff did not file an opposition.

## DISCUSSION

The defendant has moved to dismiss the complaint on the ground that the Court lacks subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  "A

plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted).  "The court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  Id. (citation omitted).  A district court may consider evidence outside the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction.  Id. (citation omitted).

    A plaintiff's failure to exhaust administrative remedies with respect to claims that arise under the Social Security Act, 42 U.S.C. § 301 et seq. ("the Act"), ordinarily deprives a district court of jurisdiction to review those claims.  Maloney v. Soc. Sec. Admin., 517 F.3d 70, 73-74 (2d Cir. 2008); Binder & Binder PC v. Barnhart, 481 F.3d 141, 149 (2d Cir. 2007).  The availability of judicial review is governed by § 405(g) of the Act, which "clearly limits judicial review to . . . a final decision" of the Commissioner "made after a hearing."  Califano v. Sanders, 430 U.S. 99, 108 (1976) (citation omitted).

    There is no jurisdiction over Navan's complaint because he has not obtained a "final decision" of the Commissioner "made

after a hearing." 42 U.S.C. § 405(g). The requirement that a claimant obtain a decision that is "final" and "made after a hearing" is "central to the requisite grant of subject-matter jurisdiction." Weinberger v. Salfi, 422 U.S. 749, 764 (1975). The Act further provides that no decision of the Commissioner shall be reviewed "by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

The SSA leaves the meaning of the term "final decision" to the Commissioner "to flesh out by regulation." Weinberger, 422 U.S. at 766. Pursuant to the Commissioner's regulations, a final decision is reached only after a four-step administrative review process, of which a hearing before an ALJ is the third step. 20 C.F.R. § 404.900(a).

Navan did not, and could not, have a hearing before an ALJ because his request for a hearing was dismissed based on res judicata. The Commissioner's regulations permit an ALJ to dismiss a request for a hearing when:

> The doctrine of res judicata applies in that [the SSA] ha[s] made a previous determination or decision under this subpart about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action.

Id. at § 404.957(c)(1). An ALJ found that Navan's 2009 Application involved "the same facts and same issues" as his 2002 Application.

6

The denial of Navan's request for a reopening of the 2002 Application is not reviewable by this Court. Generally, federal courts lack jurisdiction to review an administrative decision not to reopen a previous claim for benefits. See Califano, 430 U.S. at 107-09. Courts can review a decision not to reopen only where the Commissioner has "constructively reopened" the prior determination or where the claimant has been denied due process. Byam v. Barnhart, 336 F.3d 172, 180 (2d Cir. 2003).

Navan's 2002 Application was not constructively reopened. When an ALJ merely reviews the evidence to assess "whether there was new evidence to establish good cause to reopen" a previous application, this does not constitute a constructive reopening. Id. Here, the ALJ reviewed the evidence only in order to determine whether to reopen Navan's application, not to make a decision on the merits. See id.

In addition, Navan was not denied due process. His 2002 Application was considered at all levels of administrative review, and he was afforded a full hearing before an ALJ. He was afforded judicial review of his previously denied claim before a federal district court and an appeal of the district court's decision before the Court

of Appeals for the Second Circuit.  Although a plaintiff may be denied due process if he suffers from a mental impairment that deprives him of the ability to pursue an appeal, see id. at 182, Navan does not allege mental impairment or any other condition that precluded him from litigating the administrative denial of his claim.

Navan claims that the "unilateral decision" of the ALJ to deny him a hearing "deprived [him] of his day in court and exhausted his administrative review without a hearing." These claims are incorrect.  Exhaustion requires a "final decision" that is "made after a hearing."  42 U.S.C. § 405(g).  Navan has not fulfilled either of these requirements.  Nor has Navan been denied his day in court.  He was provided with a full administrative review of his application and further review by two federal courts from 2002 to 2008.  That an ALJ subsequently declined to afford him a hearing based on res judicata and declined to reopen his claim cannot change this fact.

## CONCLUSION

The defendant's November 28 motion is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:    New York, New York
          February 8, 2012

                                 DENISE COTE
                         United States District Judge